******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* CLERDE PIERRE
(SC 19082)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

Argued March 17—officially released April 22, 2014

*Kirstin B. Coffin*, assigned counsel, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, and *Maria del Pilar Gonzalez*, special deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Joseph C. Valdes*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. This case involves the constitutionality of a warrantless search of an attic in a three-story rooming house in Stamford. The relevant facts and procedural history giving rise to this appeal are set forth in detail in *State* v. *Pierre*, 139 Conn. App. 116, 117–20, 54 A.3d 1060 (2012). To summarize, Stamford police responded to a 911 call from a tenant of the six unit rooming house reporting a disturbance involving a gun. During the course of searching the hallway of the third floor of the house, a police officer noticed an opening in the ceiling to an unlocked, unfinished attic space. Upon peering into the attic, the officer saw what he believed to be the butt of a gun. The officer entered the attic and retrieved a gun and a bag that contained marijuana. The defendant, Clerde Pierre, who resided in a room on the third floor of the house, was confronted with the items and he subsequently gave the police a formal statement implicating himself as the owner. The defendant was charged with criminal possession of a firearm, attempt to commit criminal possession of a firearm, criminal possession of a pistol and possession of marijuana with intent to distribute.[1] He moved to suppress the gun and the marijuana seized by the police as products of an unlawful search, claiming he had a reasonable expectation of privacy in the attic. He also sought that his statement to the police be suppressed, arguing that it was the "fruit of the poisonous tree" in that it stemmed from the illegal search. The trial court denied the motion to suppress, and the defendant was convicted of all of the charges, except criminal possession of a firearm, following a jury trial.

On appeal, the Appellate Court held that the trial court properly denied the motion to suppress. Id., 117. The Appellate Court noted that it was uncontested that the police officers, in response to the 911 call, were lawfully in the hallways of the rooming house. Id., 126. The Appellate Court further noted that tenants, visitors, delivery persons and the landlord's agents freely entered the house and that the defendant was not in a position to restrict them from passing below, peering into or even climbing through the opening into the attic. Id., 127. Because of the defendant's lack of control over the access of others to the attic, the Appellate Court determined that the defendant did not have an expectation of privacy in that space that society would recognize as reasonable. Id., 127–28. We granted the defendant's petition for certification to appeal on the following issues: (1) "Did the Appellate Court properly determine that the trial court correctly denied the defendant's motion to suppress the gun and marijuana found in a warrantless search of an attic storage area of the rooming house wherein the defendant resided?"; (2) "If the answer to the first question is in the negative, is the claim that the defendant's statement to the police

was fruit of the poisonous tree reviewable?"; and (3) "If the answer to the second question is in the affirmative, should the defendant's statement to the police have been suppressed as fruit of the poisonous tree?" *State* v. *Pierre*, 307 Conn. 947, 60 A.3d 739 (2013).

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the Appellate Court should be affirmed on the first certified issue. In view of the fact that the answer to the first certified question is in the affirmative it is unnecessary to reach the other two certified questions. The Appellate Court properly resolved the first issue by virtue of its thorough and well reasoned decision. Because that decision fully addresses the dispositive issue raised in this appeal, we adopt it as a proper statement of the issue and the applicable law concerning the issue. It would serve no useful purpose for us to repeat the excellent discussion contained therein.

The judgment of the Appellate Court is affirmed.

[1] The defendant was also charged with possession of less than four ounces of marijuana, but that charge was never presented to the jury.